# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JA-WAN DARELL BOLDIN, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| HENRY COUNTY G.D.O.C., | : | CIVIL ACTION NO. |
| et al., | : | 1:13-CV-2136-WSD-JFK |
|    Defendants. | : | |

## UNITED STATED MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, as amended, (Doc. 3), for screening under 28 U.S.C. § 1915A.

**I.     28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989))

(internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "Plaintiffs must plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Resnick v. AvMed, Inc., 693 F.3d 1317, 1324-25 (11th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level," and "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Bell Atl. Corp., 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff.  See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . .  Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . .

or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

AO 72A
(Rev.8/82)

## II.    Discussion

Plaintiff brings this action against the Henry County Georgia Department of Corrections, Judge Crumbley, and the State Probation Office and alleges the following. (Doc. 3).  On December 27, 2012, Plaintiff informed his probation office that he could not report that day because he lacked transportation.  Although Plaintiff said he could come the following day, the secretary told Plaintiff that he should come on January 4, 2013, and that she had noted it on the computer.  On January 4, Plaintiff's new probation officer informed him that there was a warrant out for his arrest based on his December failure to report.  Plaintiff signed a waiver to release him on intensive probation. Subsequently, Plaintiff talked to the secretary, who related Plaintiff's story to various probation officers.  An officer later told Plaintiff that he would straighten things out with Judge Crumbley.  However, Plaintiff remained on intensive probation. (Id.).

Plaintiff asserts that he was locked up for four days just because he followed instructions. (Id.).  Plaintiff seeks injunctive relief and damages for the above wrong and for all the physical and mental torture he has endured in this country.  (Id. ¶ V).

There is no Henry County Georgia Department of Corrections.  To the extent that Plaintiff intended to sue Henry County, he fails to identify any county custom or

4

policy that caused the miscommunication on his report date and the way it was handled and, thus, fails to state a claim against Henry County. See Craig v. Floyd County, Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (holding that to succeed on a civil rights claim against a county, the plaintiff must identify a county custom or policy that caused the alleged deprivation). To the extent that Plaintiff intended to sue the Georgia Department of Corrections, his claim fails because the Eleventh Amendment bars any action, regardless of the relief sought, against the Georgia Department of Corrections, a state entity. See Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). The same holds true for Plaintiff's claims against the State Probation Office, which is part of the Georgia Department of Corrections. See Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 794 n.1 (11th Cir. 2005) (holding that claims against DeKalb County probation, part of the Georgia Department of Corrections, are barred by the Eleventh Amendment).[1]

---

[1] Although Plaintiff has not sued any individual probation officers, the Court notes that Plaintiff has not alleged any action taken by a probation officer outside the scope of his duties and that the officers involved in the challenged incident would be entitled to absolute quasi-judicial immunity from any damage claims. See Holmes v. Crosby, 418 F.3d 1256, 1258-59 (11th Cir. 2005) (holding that parole officer possesses absolute quasi-judicial immunity from § 1983 damage claims for actions taken within in the scope of his or her duties).

AO 72A
(Rev.8/82)

Plaintiff also fails to state a claim against Judge Crumley. Plaintiff alleges no action by Judge Crumley that was taken outside of his judicial capacity or that was taken in the clear absence of all jurisdiction. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)) (internal quotation marks omitted)). Accordingly, this action should be dismissed for failure to state a claim.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 4th day of September, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE