**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**JA-WAN DARELL BOLDIN,**

               **Plaintiff,**

     **v.**                                    **1:13-cv-2136-WSD**

**HENRY COUNTY G.D.O.C., et al.,**

               **Defendant.**

### OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [7] recommending that this action be dismissed for failure to state a claim.

## I.    BACKGROUND

On July 25, 2013, Plaintiff Ja-wan Darell Boldin ("Plaintiff"), then an inmate of the Henry County Jail, proceeding *pro se* and *in forma pauperis*, filed an amended complaint [3] seeking injunctive relief and damages against Henry County Georgia Department of Corrections, the State Probation Office, and Judge Crumbley.  Plaintiff alleges that due to miscommunication and mishandling of his probation report date on December 27, 2012, he was wrongly incarcerated for four

days in January, 2013, and put on intensive probation.  On September 4, 2013,
Magistrate Judge Janet F. King issued her R&R recommending that this action be
dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim.[1]  Plaintiff
does not object to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and
recommendations, a district judge may accept, reject, or modify a magistrate
judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011);
Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A
district judge "shall make a de novo determination of those portions of the report
or specified proposed findings or recommendations to which objection is made."
28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation,
a court conducts only a plain error review of the record.  United States v. Slay, 714
F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.    Analysis

The Magistrate Judge found that Plaintiff failed to state a claim against an

---

[1] On September 17, 2013, Plaintiff filed a Notice of Change of Address with the
Court.  The R&R was returned as undeliverable on October 7, 2013, and
subsequently re-mailed to Plaintiff at his current address on October 16, 2013.

actionable entity.  The Magistrate Judge concluded that Henry County Georgia Department of Corrections does not exist.  To the extent that Plaintiff intended to sue Henry County, Plaintiff did not identify a county custom or policy that caused the miscommunication or mishandling, and to the extent that Plaintiff intended to sue the Georgia Department of Corrections, the Eleventh Amendment bars suit against the state entity.  The R&R further concluded that the State Probation Office is also a state entity as part of the Georgia Department of Corrections, barred from suit by the Eleventh Amendment, and that Judge Crumbley is entitled to judicial immunity for actions taken while acting in his judicial capacity.  The Court does not find any plain error in these findings or conclusions.  See Craig v. Floyd County, Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (to succeed in a civil rights claim against a county, a plaintiff must identify a custom or policy that caused the alleged deprivation); Lovelace v. DeKalb Cent. Probation, 144 Fed.Appx. 793, 794 n.1 (11th Cir. 2005) (citing Stevens v. Gay, 864 F.2d 113, 115) (holding that DeKalb County Probation is a part of the Department of Corrections, and claims against both are barred by the Eleventh Amendment); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'").

**III.   CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final

Report and Recommendation [7] is **ADOPTED**.  This action is **DISMISSED**.

**SO ORDERED** this 14th day of February 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE